## Case No. 6,241.

HAWES et al. v. NEW ENGLAND MUT. MARINE INS. CO.

[2 Curt. 229.] [1]

Circuit Court, D. Massachusetts. May Term, 1855.

INSURANCE—EVIDENCE—MATERIALITY—FACTS REPRESENTED OR CONCEALED.

One conversant with the business of insurance, as an underwriter, or broker, and who, in the course of his employment, has learned that the existence of a particular fact, or of similar facts, affects the premium, may give that knowledge to the jury, to assist them in deciding the question of the materiality of that fact represented, or concealed by the assured.

[Cited in Lyman v. State Mut. Fire Ins. Co., 14 Allen, 335; Campbell v. New England Mut. Life Ins. Co., 98 Mass. 386; Luce v. Dorchester Ins. Co., 105 Mass. 302; Cannell v. Phoenix Ins. Co., 59 Me. 585.]

This was an action [by John Hawes and others] on a policy of insurance on freight and cargo of the ship Golden Light, from Miramachi to Liverpool, lost or not lost. The policy was obtained by a broker in Boston, under an order received from the owners by the telegraph, which instructed him to obtain insurance, and informed him, "the vessel sailed Wednesday last." The broker received the despatch, during the morning of Monday, the fifth day of December, showed it to the underwriter, and obtained the policy, which bore date that day. It appeared that the ship left the wharf at Miramachi, on Monday, the 28th of November, and was still in the river, when the despatch was sent by the owners, on the evening of the second of December, and was known to them, to be then aground at a bar, where it is not unusual for vessels of that size to take the ground when going out, and lie for a favorable wind and tide to float them over. But it also appeared that the ice usually makes in the river at about that date, that in point of fact it did make, and came down the river, and the ship was cut through and totally lost. The defendants contended that there was a material misrepresentation and also a concealment of material facts, each of which avoided the policy. And to show that the facts, that the vessel was still aground, on a bar in the river, at that season, were material, the defendants' counsel proposed to inquire of persons who were experienced in the business of insurance, whether these facts, if known to underwriters, generally, would influence the amount of the premium which would be demanded. This was objected to by the plaintiff's counsel.

Sohier & Welch, for plaintiffs.
Mr. Fiske, contra.

CURTIS, Circuit Justice. This has been a very vexed question both in the United States and in England; but I consider the bet-

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

ter opinion to be that the evidence is admissible. I do not allow you to ask the witness what he himself, as an underwriter, would have done; but whether from his knowledge of the business he is able to state that the facts in question would, or would not have an influence, with underwriters generally, in determining the amount of the premium. If his knowledge and skill in this particular business does enable him to state this, I think it is legal evidence. True, it is but an opinion; and so is nearly all evidence of value. If you inquire of a sugar broker, whether the existence of a certain quality in sugar, as, for instance, dryness, affects the value of the article in the market, you do but get his opinion, or judgment, that the existence of that fact has an influence with purchasers, generally, in determining the price. He may never have heard a buyer or seller say so in terms; but he may be as well assured that it does influence them, as if it had been frequently declared that it did so. Yet such and similar evidence is constantly admitted. Here the inquiry is, in substance, whether the market price of insurance is affected by particular facts. If the witness, being conversant with the business, has gained in the course of his employment a knowledge of the practical effect of these facts, or similar facts, upon premiums, he may inform the jury what it is. If he has not such knowledge he is not allowed to conjecture. He must speak from knowledge of the influence actually exercised by that or similar facts, in the course of business. He may have gained that knowledge in many ways. Perhaps he cannot tell how. The evidence having been admitted, the plaintiffs became nonsuit.[2]

3. It was left to the jury to determine whether a hotel-register with advertisements placed upon the top and at the bottom of the pages is

2 See 2 Duer, Ins. 683–787; 3 Kent, Comm. 284, note; 1 Arn. Ins. 574, and the cases cited.